**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 29 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STANTON S. HOLT,

     Plaintiff-Appellant,

v.

LARRY E. BENGTSON, District Court
Judge; CHRIS BIGGS, County Attorney,
Junction City, Kansas; THE STATE OF
KANSAS, Geary County, Kansas,

     Defendants-Appellees.

No. 98-3138
(D.C. No. 98-CV-3072-GTV)
(District of Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered

submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

This is an appeal from the dismissal of a pro se civil rights complaint for failure to state a claim for which relief can be granted. Within this appeal, Mr. Holt has also filed a document entitled "60-801 Writ of Mandamus" seeking a refund by the district court of his partial filing fee because his complaint was dismissed.

Congress clearly contemplated such a result because it provided no statutory authority for such a refund. Under the express terms of the Prison Litigation Reform Act, the prisoner is required to pay all installments of a deferred fee until it is paid in full. No exception was made for a dismissed suit. *See* 28 U.S.C. § 1915(b)(2). The "Writ of Mandamus" petition is therefore **DENIED**.

Further, our review indicates the district court committed no error and this appeal is frivolous. *See* **Hall v. Bellmon,** 935 F.2d 1106, 1109 (10th Cir. 1991). This holding will constitute a **"prior occasion"** under 28 U.S.C. § 1915(g). The judgment of the district court is **AFFIRMED** for the reasons stated in its order of March 13, 1998. The mandate shall issue forthwith.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge